IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FORREST G. CAMP,<br>    Plaintiff,<br>                v.<br>FIRST NATIONAL BANK OF AMERICA,<br>    Defendant. | Civil Action No.<br>1:24-cv-04634-SDG |

**OPINION AND ORDER**

This case is before the Court on Plaintiff Forrest G. Camp's complaint and request for a temporary restraining order [ECF 1]. For the reasons stated below, the Court **DENIES** Camp's request for a temporary restraining order.

**I.    Background**

Camp, appearing *pro se*, seeks a temporary restraining order (TRO) to forestall a foreclosure auction set for November 4, 2024.[1] At the outset, it is not immediately clear where the real property in question is located, though Camp lists an address in Decatur, Georgia.[2] It is also unclear what claim Camp is bringing against Defendant First National Bank of America (FNBA), though it appears to be a claim for wrongful foreclosure.[3]

---

[1]    ECF 1, ¶ V.

[2]    *Id.* ¶ I.

[3]    *Id.* ¶ II.

1

Camp alleges that employees of FNBA, a Michigan corporation with its principal place of business also in Michigan, conspired to implement and accelerate a wrongful foreclosure through predatory collection actions, closure of Camp's access to account information, and other unspecified "unethical/illegal conduct," including "use of the federal postal service to circumvent the legal notification process."[4]

Camp further alleges that while he was negotiating an "equitable solution to an account deficit" with FNBA, four FNBA employees coordinated to put Camp's account in foreclosure.[5] A foreclosure acceleration was sent to Camp by an FNBA employee but was "removed by a 'courier,'" a fact known to two other FNBA employees but not disclosed to Camp. Camp alleges that these actions were taken to ensure that Camp's account went into the "120 day delinquent account threshold," and Camp's online account access was cut off.[6]

Lastly, Camp alleges that FNBA's foreclosure action is retribution for his filing a demand for the appraisal fee on a "botched" refinance application.[7] According to Camp, FNBA made no attempt to negotiate a realistic loan

---

[4]   *Id.* ¶¶ II, III.

[5]   *Id.* ¶ III.

[6]   *Id.*

[7]   *Id.* ¶ IV.

modification proposal.[8] In addition to a TRO, Camp seeks forfeiture of FNBA's security lien and $25,000 in damages.[9]

## II. Discussion

### A. Camp Has Not Satisfied the Notice Requirements of Rule 65.

On the facts as presented, Camp is not entitled to an *ex parte* TRO. Federal Rule of Civil Procedure 65(b)(1) outlines two conditions that a plaintiff must satisfy to receive temporary injunctive relief *ex parte*—that is, without written or oral notice to the party adverse to the plaintiff. First, "specific facts in an affidavit or a verified complaint [must] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Second, the movant must "certif[y] in writing any efforts made to give notice and the reasons why it should not be required." *Id.* 65(b)(1)(B).

Assuming *arguendo* that the facts in the complaint are sufficient to show that Camp stands to suffer immediate and irreparable injury (*i.e.*, the alleged unlawful sale of Camp's property at foreclosure on November 4) before FNBA could be heard in opposition to the request for a TRO, Camp has made no effort to comply with Rule 65(b)(1)'s second requirement. Camp has neither detailed any efforts

---

[8]   *Id.* ¶ V.

[9]   *Id.*

made to give FNBA notice of the requested TRO nor explained why such notice should not be required. Camp alleges that FNBA's attorney of record, Scott Michalove, "refuses to identify himself," and that "service will be deliberately delayed to facilitate the auction."[10] Elsewhere, though, Camp states that his sibling called the office of CB Legal, FNBA's attorneys, and spoke with an attorney identifying herself as "Ellen Shepherd."[11] Camp does not indicate why FNBA cannot be notified of the requested TRO, either through CB Legal or by other means. The request for a TRO may be denied on this basis alone. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (cleaned up) ("Although we are to give liberal construction to the pleadings of *pro se* litigants, we nevertheless have required them to conform to procedural rules."); *see also Madgett v. Citigroup*, 2011 WL 6371885, at *3 (N.D. Ga. Nov. 9, 2011) (recommending dismissal of claims challenging foreclosure and noting that the *pro se* plaintiffs "failed to satisfy the requirements of Rule 65.").

### B.  Camp Has Not Established a Substantial Likelihood of Success.

Furthermore, even if Camp had satisfied Rule 65's requirements, he must also establish a substantial likelihood of success on the merits, that the alleged injury outweighs the damage an injunction might cause the defendant, and that

---

10   *Id.*

11   *Id.* ¶ IV.

the injunction would not be adverse to the public interest. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). Camp has not made the required showing. To the contrary, Camp has failed to establish a substantial likelihood of success on the merits for at least two reasons: (1) Camp has not alleged competent facts supporting a claim for wrongful foreclosure, and (2) Camp has conceded that his account is in a deficit, but that he has not paid or tendered the amount due under the loan as required to enjoin a foreclosure under Georgia law.

### 1. Camp Has Not Alleged Competent Facts Supporting a Claim for Wrongful Foreclosure.

First, Camp has not alleged competent facts supporting a claim for wrongful foreclosure. "In Georgia, 'a plaintiff asserting a claim of wrongful foreclosure [must] establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages.'" *Gregorakos v. Wells Fargo Nat. Ass'n*, 285 Ga. App. 744, 747–48 (2007) (quoting *Heritage Creek Dev. Corp. v. Colonial Bank*, 268 Ga. App. 369, 371 (2004)).

Camp appears to argue that FNBA owed a duty to negotiate a realistic loan modification, and that FNBA's breach of this purported duty caused his account to go into delinquency, leading to the foreclosure. However, absent additional detail, Camp fails to show that FNBA's alleged duty to negotiate a realistic loan modification is cognizable at law. *See Watts v. Bank of New York Mellon, N.A.*, 2014

WL 695222, at *3 (N.D. Ga. Feb. 21, 2014) ("Plaintiff has failed to establish that there is an independent obligation to entertain a loan modification request at all.") (collecting cases). Therefore, Camp cannot show a substantial likelihood of success on the merits of a wrongful foreclosure claim based on these allegations.

More troubling is Camp's allegation that a foreclosure acceleration was sent to Camp's address by an FNBA employee but was removed by a "courier," a fact purportedly known to two other FNBA employees but not disclosed to Camp.[12] *See Thompson-El v. Bank of Am., N.A.*, 327 Ga. App. 309, 310 (2014) ("A lender owes a borrower a duty to exercise a power of sale in a security deed fairly, which includes complying with statutory and contractual notice requirements."). However, in the absence of any supporting detail regarding the source or terms of FNBA's duty, if any, to provide a notice of acceleration—much less the relevant documents themselves—Camp cannot show a substantial likelihood of success on the merits of a wrongful foreclosure claim based on these allegations.

### 2. Camp Has Not Paid or Tendered the Amount Due on the Loan and May Not Enjoin the Foreclosure.

Second, and most detrimental to his request for a TRO, Camp has not shown that he has paid or tendered the amount due on the loan. "Under Georgia law, a debtor who executes a security deed and defaults on a loan cannot enjoin

---

12   *Id.* ¶ III.

foreclosure, or otherwise obtain equitable relief to cancel the deed, unless the debtor has first paid or tendered the amount due on the loan." *Edward v. BAC Home Loans Servicing, L.P.*, 534 F. App'x 888, 892 (11th Cir. 2013) (citing *Taylor, Bean & Whitaker Mortg. Corp. v. Brown*, 276 Ga. 848, 849 (2003)); *see also Coast v. Bank of N.Y. Mellon Tr. (N.Y.BMT), N.A.*, 2013 WL 5945085, at *5 (N.D. Ga. Nov. 6, 2013) ("Failure to make the proper loan payments or tender the amount due defeats any claim for wrongful foreclosure.") (citations omitted). Camp concedes that his account is in a deficit, and he has been attempting to obtain a loan modification.[13] However, Camp has not shown that the amount due under the loan has been paid or tendered. Therefore, under Georgia law Camp cannot enjoin the foreclosure, and the request for a TRO must be denied.

---

[13]    *Id.* ¶¶ III, V.

### III. Conclusion

Camp's request for a TRO [ECF 1] is **DENIED**. Because this action includes a challenge to a wrongful attempted foreclosure of residential property, the Clerk is **DIRECTED** to refer this action to the next available magistrate judge pursuant to standard assignment procedures. Plaintiff is **ORDERED** to file his certificate of interested persons within seven days of this Order. See LR 3.3, NDGa.

**SO ORDERED** this 21st day of October, 2024.

                                          Steven D. Grimberg
                                       United States District Judge