IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FORREST G. CAMP,
   Plaintiff,

v.

FIRST NATIONAL BANK OF AMERICA,
   Defendant.

Civil Action No.
1:24-cv-04634-SDG

## OPINION AND ORDER

This case is before the Court on *pro se* Plaintiff Forrest G. Camp's second motion for a temporary restraining order [ECF 4]. For the reasons stated below, the Court **DENIES** Camp's motion.

### I. Background

Previously, on October 21, 2024, the Court denied Camp's first request for a temporary restraining order (TRO) to forestall a foreclosure auction set for November 4, 2024.[1] The Court reasoned that Camp (1) failed to satisfy the notice requirements of Rule 65, (2) failed to allege competent facts supporting a claim for wrongful foreclosure, and (3) had not paid or tendered the amount due under the loan, as required to obtain injunctive relief in a foreclosure action.[2]

---

1   ECF 3.

2   *See generally id.*

1

Subsequently, on October 28, Camp filed a second motion for a TRO, as well an "addendum" to the original case documents.[3] The second motion and accompanying addendum attach a "Notice of Acceleration and Foreclosure Sale" and a "Notice of Sale under Power Contained in Security Deed" that were not included with the first motion.[4] The addendum also revises Camp's allegations in Paragraphs III.C, IV, and V of the complaint.[5]

**II.   Discussion**

For the same reasons as stated in the Court's October 21 Order, Camp is not entitled to a TRO. The revised allegations in the second motion generally restate the allegations in the first motion, which the October 21 Order concluded were insufficient to show that Camp met the requirements for a TRO.[6] Camp appears to now allege that Defendant First National Bank of America (FNBA) made it impossible for him to tender payment due under the loan, which could relieve him of his tender obligation. *See Grebel v. Prince*, 232 Ga. App. 361, 366 (1998) ("[A] tender is unnecessary where the person to whom the money is due states that the tender would be refused if made."). But a plaintiff must plead sufficient facts

---

[3]   ECFs 4, 5.

[4]   ECF 4, at 2–3; ECF 5, at 3.

[5]   ECF 5, at 1.

[6]   ECF 3.

showing that tender was impossible, *Chaney v. U.S. Bank Nat'l Ass'n*, 2019 WL 2306117, at *7 (N.D. Ga. Feb. 15, 2019), and Camp's vague and conclusory allegations are not sufficient.

Even assuming Camp's allegations regarding the impossibility of tender were satisfactory, Camp has once again failed to allege competent facts supporting his wrongful foreclosure claim. Camp attaches several documents with his second motion but does not explain their significance. The "Notice of Acceleration and Foreclosure Sale" appears to satisfy the requirements of O.C.G.A. § 44-14-162.2, in that the notice is in writing, was sent to the property address by certified mail, return receipt requested, was dated more than 30 days before the proposed foreclosure sale, and includes the name, address, and telephone number of the entity with full authority to negotiate, amend, and modify all terms of the mortgage (FNBA).[7] Because there are no new allegations regarding FNBA's conduct, the Court's conclusion remains the same—Camp has not shown a substantial likelihood of success on the merits of his wrongful foreclosure claim, and therefore his second motion for a TRO must be denied.

---

[7] ECF 4, at 2–3.

**III.     Conclusion**

Camp's second motion for a TRO [ECF 4] is **DENIED**.

**SO ORDERED** this 8th day of November, 2024.

_____
Steven D. Grimberg
United States District Judge